**UNITED STATES, Appellant,**

v.

**Thomas J. CALHOUN, Specialist Four U. S. Army, Appellee.**

**Dkt. No. 40,117.**

**SPCM 14645.**

U. S. Court of Military Appeals.

July 12, 1982.

For Appellee: *Colonel Edward S. Adamkewicz, Jr., Lieutenant Colonel John F. Lymburner, Major Elliot J. Clark, Jr., Captain James A. McAtamney* (on brief).

For Appellant: *Colonel R. R. Boller, Major Ted B. Borek, Major Douglas P. Franklin, Captain Kenneth H. Clevenger* (on brief).

*Opinion of the Court*

**PER CURIAM:**

Calhoun was tried by a special court-martial in Stuttgart, Germany, and convicted of ten specifications of larceny by check and ten specifications of fraudulently making and uttering the same checks, in violation of Articles 121 and 123 of the Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 923.[1] He was sentenced to a bad-conduct discharge, confinement at hard labor for 6 months, forfeiture of $298.00 pay per month for 6 months, and reduction to the grade of

Private E–1. However, in light of *United States v. Ginyard*, 16 U.S.C.M.A. 512, 516, 37 C.M.R. 132, 136 (1967), the United States Army Court of Military Review set aside the findings and sentence and dismissed the charges because the offenses occurred before Calhoun's discharge and reenlistment which "operated as a bar to trial for the alleged offenses." *United States v. Calhoun*, SPCM 14645, unpublished opinion at 2 (1980). Thereafter, the Judge Advocate General of the Army—pursuant to Article 67(b)(2) of the Code, 10 U.S.C. § 867(b)(2)— certified to us the same issue concerning court-martial jurisdiction that was presented to us in *United States v. Clardy*, 13 M.J. 308 (C.M.A.1982).

Since our decision in *Clardy*, where we concluded that *United States v. Ginyard, supra*, should be overruled, applies prospectively, we hereby affirm the decision of the United States Army Court of Military Review.

FLETCHER, Judge (concurring in the result):

Appellee was discharged on the 17th day of May 1979, and reenlisted on the 18th day of May 1979. I would affirm the decision of the Court of Military Review based upon the reasoning set forth in my opinion in *United States v. Clardy*, 13 M.J. 308 (C.M.A. 1982).

1. The specifications alleged a violation of Article 123(a) of the Code but the charge incorrectly alleged a violation of Article 123.